# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BAKER | § | |
| | § | Civil Action No. 4:18-CV-599 |
| v. | § | (Judge Mazzant/Judge Nowak) |
| | § | |
| TIM PUCKETT, ET AL. | § | |

## MEMORANDUM ADOPTING IN PART REPORT AND
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 14, 2019, the report of the Magistrate Judge (Dkt. #84) was entered containing proposed findings of fact and recommendations that Defendant Kevin Ward's Motion to Dismiss for Lack of Jurisdiction (Dkt. #24) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #90), Deputy Ward's Response (Dkt. #94), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted in part.

## RELEVANT BACKGROUND

On August 20, 2018, Plaintiff filed suit, asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Defendants Experian Information Solutions, Inc., Tim Puckett, an employee at Experian, and Deputy Kevin L. Ward of the Canadian County Oklahoma Sheriff's Office (Dkt. #1). Plaintiff alleges that Defendants Experian and Puckett breached the FCRA by providing information about Plaintiff's credit to Deputy Ward. This information led to criminal charges against Plaintiff, to which Plaintiff pleaded guilty. Specifically, Plaintiff asserts that Deputy Ward is "a Canadian County Oklahoma law enforcement officer" who prepared "a deficient search warrant [resulting in criminal charges against Plaintiff]. . . in Canadian County

Oklahoma" based on "false and misleading information obtained from [Tim Puckett] from Experian Information Solutions of Allen[,] Texas" (Dkt. #1 at p. 7). Plaintiff asserts that "Kevin Ward is alleged to be in willful violation of 15 U.S.C.A. § 1681q, also coded as a criminal offense under Title 18, for obtaining information from a credit reporting agency under false pretenses, for an impermissible purpose, and further, absent a justified court order" (Dkt. #1 at p. 2). On November 21, 2018, Deputy Ward filed his Motion to Dismiss, asserting the Court lacked personal jurisdiction over him (Dkt. #24).

On June 16, 2019, the Magistrate Judge entered a report and recommendation, recommending that Deputy Ward's Motion to Dismiss be granted and Plaintiff's claims against Deputy Ward be dismissed without prejudice (Dkt. #84). On June 27, 2019, Plaintiff filed his "Objection to Report and Recommendation of United States Magistrate Judge on Defendant Ward's Motion to Dismiss for Lack of Personal Jurisdiction," asserting that "Plaintiff is not objecting to the entire analysis of the Magistrate Judge, but rather the omission of the issue of transfer, and other omitted considerations with respect to jurisdiction" (Dkt. #90 at p. 9). Deputy Ward filed a Response to Plaintiff's Objection on July 10, 2019 (Dkt. #94).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

The report recommending dismissal of Plaintiff's claims against Deputy Ward for lack of personal jurisdiction found that: (1) because Deputy Ward is a citizen of Oklahoma (not Texas), the Court may not exercise general personal jurisdiction over Deputy Ward; and (2) Deputy Ward is not subject to specific jurisdiction because Defendant Ward's communications with Tim Puckett

do not indicate that he purposely availed himself of the privileges of conducting activities in Texas and instead, the record in this matter clearly shows that Defendant's Ward's complained-of action(s) took place in Oklahoma for the furtherance of an Oklahoma investigation involving criminal activities that took place in Oklahoma. Plaintiff asserts two objections to the report recommending dismissal of his claims against Deputy Ward. First, Plaintiff objects that the report failed to address certain considerations in its discussion of personal jurisdiction, namely that "the facts of this case encompass very unique circumstances that are potentially allowing an out of state sheriff's deputy to willfully violate the Fair Credit Reporting Act to investigate a potential state crime absent any judicial action such as a court order or subpoena" (Dkt. #90 at p. 1). Second, Plaintiff objects that the Magistrate Judge should have recommended transfer (rather than dismissal) of his claims to the Western District of Oklahoma. The Court addresses each objection in turn.

### *Personal Jurisdiction*

Plaintiff asserts that the report incorrectly assessed whether Deputy Ward is subject to the Court's exercise of personal jurisdiction. As to general jurisdiction, Plaintiff asserts that he "*does* object to the statement that the Plaintiff must establish that Defendant Ward be 'at home' in Texas" because modern technology "[obviates] the need for physical presence in the State" (Dkt. #90 at 4) (emphasis in original). As to specific jurisdiction, Plaintiff argues that without Deputy Ward's contact with Puckett in Texas, "the State's entire case in chief in Oklahoma is nonexistent" and Deputy Ward's "search warrant affidavit. . . was based **solely** on his communications with Tim Puckett" (Dkt. #90 at p. 4) (emphasis in original).

### *General Jurisdiction – "At Home" in Texas*

Concerning whether Deputy Ward is subject to the Court's general personal jurisdiction, Plaintiff argues:

> Although territorial presence frequently will enhance a potential defendant's affiliation with a State and possibly reinforce foreseeability of suit being filed there, it is an inescapable fact of modem commercial life and communication across state lines thus obviating the need for physical presence in the State. Accordingly, the minimum contacts required to establish general jurisdiction are more extensive in quality and nature than those needed for specific jurisdiction. If this is the case, the Plaintiff cannot see how the nature of Defendant Ward's communications with Tim Puckett and Experian are not extensive and serious in nature, as it was nothing less than an extensive and detailed financial probe into the Plaintiff's entire financial life for an impermissible purpose under the FCRA. This conduct also thrusted [sic] Defendant Ward to draft a general and deficient search warrant in Oklahoma, which is also a Fourth Amendment violation.

(Dkt. #90 at pp. 4–5). The report noted that Deputy Ward is a resident of Oklahoma and has never been a resident of Texas, and further that:

> There are no facts on the present record demonstrating that Defendant Ward's contacts, if any, with Texas are continuous or systematic. Plaintiff offers only conclusory statements in support of the existence of general jurisdiction over Defendant Ward, including that "th[e] chain of clandestine communications is not limited to just one instance, this contact among all Defendants between Oklahoma and Texas was continuous over an extended period of time and could be characterized as systematic, because it seems likely that the Defendants have engaged in this behavior prior to this complaint". . . . Plaintiff has not established that Defendant Ward could be considered "at home" in Texas; accordingly, the Court may not exercise general personal jurisdiction over Defendant Ward.

(Dkt. #84 at pp. 6–7). Plaintiff's objection confuses general and specific jurisdiction. "General jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic' as to render them essentially at home in the forum State," whereas "[s]pecific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state." *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (Mazzant, J.) (internal

citations and quotation marks omitted). "Substantial, continuous and systematic contact with a forum is a difficult standard to meet and requires extensive contacts between a defendant and the forum." *Id.* As the report pointed out, Plaintiff fails to offer any allegations demonstrating continuous and systematic contacts between Deputy Ward and the State of Texas, and instead points only to the contact Deputy Ward had with Texas related to this matter: Puckett and the information provided related to Deputy Ward for his investigation of Plaintiff. The Court agrees with the finding contained in the report as to general jurisdiction and adopts such finding. Plaintiff's objection is overruled as to general jurisdiction.

### *Specific Jurisdiction*

Plaintiff contends that the report incorrectly found that Deputy Ward was not subject to the Court's specific personal jurisdiction because "without [Deputy Ward's] intentional contacts, the State's entire case in chief in Oklahoma is nonexistent, because Ward would have needed a court order to even begin an investigation that collaborates with a credit reporting agency" (Dkt. #90 at p. 4). Specifically, Plaintiff contends that:

> A blind plea to a state charge in Oklahoma resulting from the FCRA violation is simply irrelevant and does not give the statutory air of legitimacy to the disclosure by Tim Puckett to Kevin Ward. In other words, it has no bearing on the question of the FCRA violation itself, but only to the extent of damages. Furthermore, Defendant Ward stated in his Declaration that he completed a search warrant affidavit partially based on information received from Tim Puckett. . . his source of information was based solely on his communications with Tim Puckett and Experian, thus that statement in his Declaration is clearly misleading, as the Plaintiff was not at the time being investigated for any crime in Oklahoma, therefore what else would Ward base his investigation on other than his initial contacts in Texas.

(Dkt. #90 at p. 4). Deputy Ward responds that Plaintiff's "objection stems only from his unsupported argument that the facts of this case somehow represent unique circumstances which allow Plaintiff to file suit against Defendant Ward anywhere Plaintiff likes under the terms of the

Fair Credit Reporting Act," and that "Plaintiff continues to urge this Court to improperly exercise personal jurisdiction over Defendant Ward because a crime committed in Oklahoma, investigated in Oklahoma, and prosecuted in Oklahoma was reported by an individual or entity in Texas" (Dkt. #94 at pp. 1–2).

The report found that Deputy Ward was not subject to the Court's exercise of specific jurisdiction, and noted:

> Specific jurisdiction does not exist here. It is readily apparent that Defendant Ward received information from a Texas resident regarding crimes committed in Oklahoma [Dkt. 24-2] ("your affiant was contacted by Mr. Tim Puckett. Mr. Puckett is employed by Experian Credit Reporting Services as an investigator."). Defendant Ward has been identified by Plaintiff himself "as a deputy with the Canadian County Sheriff's Department in Oklahoma" who conducted a criminal investigation of an Oklahoma resident (Plaintiff) in Oklahoma. Defendant Ward's communications related to this investigation with Defendant Tim Puckett, who happened to be located in Texas, are insufficient to establish specific personal jurisdiction over Defendant Ward.

(Dkt. #84 at p. 9). "For the Court to exercise specific jurisdiction, the Court must determine[:] (1) whether the defendant has. . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Lahman*, 2018 WL 3035916, at *5 (internal quotation marks omitted). In the instant case, the complained-of action(s) taken by Deputy Ward occurred in Oklahoma for the furtherance of an Oklahoma investigation involving criminal activities that took place in Oklahoma. Specific jurisdiction may not be conferred upon Deputy Ward simply because a coincidental portion of his investigation required him to contact or communicate with Tim Puckett in Texas, even if such portion initiated said investigation. *See Tornado Bus Co. v. Bus & Coach America Corp.*, No. 3:14-cv-3231-M, 2014 WL 7333873, at *4 (N.D. Tex. Dec. 23, 2014); *see also Castro v. Georgetown Univ.*, No. 3:18-CV-645-M, 2018

WL 3862076, at *2 (N.D. Tex. Aug. 14, 2018). The Court agrees with the finding contained in the report as to specific jurisdiction and adopts such finding. Plaintiff's objection is overruled as to specific jurisdiction.

***Transfer to Western District of Oklahoma***

Plaintiff objects that "[a]lthough [he] did not previously request a transfer of venue with regards to Defendant Ward. . . .[] Plaintiff respectfully requests the Court address the issue as it may nevertheless transfer venue sua sponte," citing 28 U.S.C. §§ 1404, 1631 (Dkt. #90 at pp. 5–6). Plaintiff contends that transfer is appropriate because "the Western District of Oklahoma is the appropriate jurisdiction for Defendant Ward" because Deputy Ward resides in that district, and "transferring the action against Ward would be in the interest of justice" because "Ward did in fact willfully violate the FCRA on at least (11) occasions absent a court order as proscribed in the FCRA" (Dkt. #90 at p. 7). Deputy Ward responds that transfer is inappropriate at this juncture because "Plaintiff has neither alleged nor proven that transfer to the Western District of Oklahoma would be proper for any defendants other than Defendant Ward," and further, any attempt by Plaintiff to seek transfer of this matter should be viewed as dilatory because "Ward repeatedly raised the issue [of personal jurisdiction] at every given opportunity. Plaintiff had certainly been put on notice that the Eastern District of Texas was not the proper venue for a lawsuit against Defendant Ward. Despite that, he made no request to transfer venue until his claims against Ward were recommended to be dismissed" (Dkt. #94 at pp. 4–5).

Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court and that court finds there is a want of jurisdiction, 'the court shall, if it is in the interest of justice, transfer such action.'" *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No.3:03-CV-2786-R, 2004 WL 1962208, at *1–2 (N.D. Tex. Sept. 1, 2004) (quoting 28 U.S.C. 1631 (2004)). "[T]ransfer under 28 U.S.C. [§]

1631 is appropriate where the transferor court determines it lacks personal jurisdiction but dismissal of the action might cause the plaintiff's cause of action to be barred by limitations." *Id.* (citing *Smith v. Basin Park Hotel, Inc.,* 178 F. Supp. 2d 1225, 1235–36 (N.D. Okla. 2001)). Pursuant to 15 U.S.C. § 1681p, an action to enforce any liability under the FCRA must be brought no later than the earlier of: (1) two years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or (2) five years after the date on which the violation that is the basis for such liability occurs. Plaintiff alleges that Deputy Ward improperly received information from Puckett in violation of the FCRA in March 2014 (Dkt. #1 at p. 5); thus, it appears likely over five years have passed since the date of the alleged FCRA violation. Plaintiff does not proffer any statements or other allegations as to when he learned of the alleged FCRA violation; accordingly, the Court cannot ascertain whether two years have passed since the date of discovery. Notwithstanding, it appears dismissal of this action might cause Plaintiff's cause of action to be barred by limitations. Given the potential limitations bar Plaintiff may face if his claims against Deputy Ward are dismissed, justice would best be served by severing and transferring Plaintiff's claims against Deputy Ward to the Western District of Oklahoma.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #90), Deputy Ward's Response (Dkt. #94), and having conducted a de novo review, the Court adopts the finding of the Magistrate Judge (Dkt. #84) that this Court lacks personal jurisdiction over Deputy Ward; however, in light of Plaintiff's request to transfer and given the potential that dismissal may cause Plaintiff's claims to be barred by the applicable statute of limitations, the Court finds that, in the interest of justice, Plaintiff's claims against Deputy Ward should be severed and transferred to the Court of proper jurisdiction for consideration on the merits. Accordingly,

It is, therefore, **ORDERED** that Defendant Kevin Ward's Motion to Dismiss for Lack of Jurisdiction (Dkt. #24) is **GRANTED**, but in the interest of justice, the Court will sever and transfer Plaintiff's claims against Deputy Ward.

It is further **ORDERED** that Plaintiff's claim(s) against Deputy Ward are hereby severed and transferred to the United States District Court for the Western District of Oklahoma. No ruling on the merits is made with respect to the claims that have been severed and transferred to the Western District of Oklahoma, leaving such determination to the receiving court.

It is further **ORDERED** that the Clerk of Court shall advise the Clerk of the Western District of Oklahoma, in writing, of the entry of this Order and provide the Clerk with a certified copy of this Order and of the docket report for this action, together with all information necessary for the Clerk of the receiving court to electronically access the documents filed in this action.

**IT IS SO ORDERED**.

**SIGNED this 16th day of September, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE