# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| CHRISTOPHER BAKER § | |
| § | Civil Action No. 4:18-CV-599 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| TIM PUCKETT, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 13, 2020, the report of the Magistrate Judge (Dkt. #184) was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Summary Judgment (Dkt. #145) be denied and Defendants' Motion for Summary Judgment (Dkt. #150) and Motion to Strike (Dkt. #159) be granted. Having received the reports of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #187), Defendants' Response (Dkt. #190), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

On August 20, 2018, Plaintiff filed suit, asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, against Defendants Experian Information Solutions, Inc., Tim Puckett, an employee at Experian, and Deputy Kevin L. Ward of the Canadian County, Oklahoma Sheriff's Office (Dkt. #1). Plaintiff alleges that Defendants Experian and Puckett breached the FCRA by providing information about Plaintiff's credit to Deputy Ward. This information led to criminal charges against Plaintiff, to which Plaintiff pleaded guilty and for which he is currently imprisoned. Plaintiff's claims against Deputy Ward were severed and transferred to the United

States District Court for the Western District of Oklahoma (Dkt. #142), leaving only Defendants Experian and Puckett before this Court.  Subsequent to this transfer, Plaintiff filed an Amended Complaint, the live pleading (Dkt. #144), alleging the same factual basis and grounds for recovery as his original complaint.  The Parties thereafter filed competing motions for summary judgment regarding the viability of Plaintiff's FCRA claim; Defendants also filed a Motion to Strike.  On August 13, 2020, the Magistrate Judge recommended Plaintiff's dispositive motion be denied, Defendants' motions be granted, and Plaintiff's claims be dismissed with prejudice.  The report recommended dismissal of Plaintiff's claims on two independent grounds:  limitations and because the information provided by Defendants Experian and Puckett to Deputy Ward did not constitute a "consumer report" under the FCRA (Dkt. #184).

On August 24, 2020, Plaintiff timely filed Objections to the report; Plaintiff objects to both bases for dismissal and further contends the report failed to address Plaintiff's pending Consolidated Motion in Limine (Dkt. #130) and expresses dissatisfaction with the Magistrate Judge's recitation of the facts (Dkt. #187).  Notably, as referenced *supra*, in addition to recommending dismissal of Plaintiff's claims, the report also recommended denial of Plaintiff's own Motion for Summary Judgment and the granting of Defendants' Motion to Strike.  Plaintiff does not object to these findings.  On September 8, 2020, Defendants filed a Response to Plaintiff's Objection (Dkt. #190), urging the Magistrate Judge correctly granted summary judgment in their favor.  The Court addresses each of Plaintiff's Objections in turn.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3).

*Motion in Limine*

Plaintiff first objects that the Magistrate Judge did not rule on his pending Consolidated Motion in Limine (Dkt. #130). Plaintiff is correct that motion remains pending and was not resolved by the Magistrate Judge in the report. Notwithstanding, upon review of the applicable filings, including Defendants' opposition (Dkt. #133), the Motion should be denied. By and through his Consolidated Motion in Limine, Plaintiff seeks to exclude from trial certain records related to his criminal case, and also to strike from consideration in the case, pursuant to Rule 12(f), Paragraphs 8, 9, 19, and 23–28, as well as Exhibits C–K, from Defendant Puckett's affidavit submitted in support of Defendants' summary judgment motion. Plaintiff's Motion in Limine, as it relates to any request to exclude evidence from use at trial, is premature and should be denied on that basis. To the extent Plaintiff by and through the Motion in Limine seeks to strike evidence from the summary judgment record, Plaintiff has not established any meritorious basis to strike or exclude Defendants' summary judgment evidence. As an initial matter, Rule 12(f) has no application to the pending motions for summary judgment. Also, Plaintiff's primary contention appears to be that Defendant Puckett's testimony is false. For example, Plaintiff states "[i]t is a matter of question on whether or not Tim Puckett's statement is actually true or a statement to victimize" and "[t]here is certainly no reasonable person that could begin to believe that Puckett believed he was in full compliance with the FCRA" (Dkt. #130 at pp. 10–12). However, Plaintiff's own bare assertions and opinions are insufficient to create a disputed fact. *See* FED. R. CIV. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record[.]"). Plaintiff's motion to strike should therefore also be denied. Further, the Magistrate Judge's failure to resolve Plaintiff's

3

Motion in Limine does not dictate a rejection of the recommendation that summary judgment be granted. Plaintiff's objection is overruled.

*Recitation of the Facts*

Plaintiff next contends that the Magistrate Judge's recitation of the facts is incorrect, pointing to ten (10) factual conclusions he purports to dispute, such as whether Plaintiff's crimes "victimized Experian and Experian customers" (Dkt. #187 at p. 6). None of Plaintiff's factual disputes are material to and/or impact consideration of the dispositive issues in this case. Moreover, upon review, the summary judgment record bears out each of these disputed facts. The Magistrate Judge appropriately summarized the relevant factual background of this case, with appropriate citations to the summary judgment evidence, and further properly addressed the dispositive issues of limitations and the existence of a genuine issue of material fact. Plaintiff's objection is therefore overruled.

*Limitations*

Plaintiff does not dispute the applicable limitations period for his FCRA claims; rather, Plaintiff contends that the report incorrectly found he "indisputably had constructive knowledge of the facts that gave rise to a claim under the FCRA" prior to August 20, 2016 (Dkt. #184 at p. 20). Plaintiff asserts he lacked constructive knowledge and did not learn of the facts giving rise to his claims until much later, March 7, 2017 (Dkt. #187 at p. 11). To this end, Plaintiff and Defendants argue back and forth regarding Plaintiff's knowledge that Deputy Ward had been provided a list of credit lines and credit balances Plaintiff had obtained at various financial institutions.[1] However, even if the Court were to accept Plaintiff's assertion that Plaintiff lacked

---

[1] Plaintiff complains in his Objections that consideration of Plaintiff's Exhibit #6 (i.e., an email from Puckett to Ward dated April 2, 2014) and #7 (i.e., list of lines of credit) are nowhere to be found in the Magistrate Judge's report. However, these documents are the same as Puckett Affidavit, Exhibit B, Dkt. #150-2 at pp. 113–14, which the Magistrate Judge did consider in the report (Dkt. #184 at p. 13).

knowledge and/or that the lists were different, it remains abundantly clear that during the course of Plaintiff's underlying criminal proceedings he learned enough to have received constructive, if not actual, notice of his FCRA claims.  Plaintiff does not dispute that he was present in the courtroom for his criminal proceedings, that he knew Deputy Ward had communicated with Defendants Experian and Puckett, and that Deputy Ward had received financial information from these Defendants Plaintiff contends are covered by the FCRA.  The Court agrees with the finding of the report as to limitations and adopts such finding.  Plaintiff's objection is overruled.

*No Genuine Issue of Material Fact*

Plaintiff lastly objects to the Magistrate Judge's finding that Defendants' communications to law enforcement did not constitute a consumer report under the FCRA.  Plaintiff contends such finding is "patently absurd" (Dkt. #187 at p. 18), and that the "Magistrate [Judge]'s interpretation of the law inescapably boils down to the untenable suggestion that because the information furnished by Defendant Puckett was for a purpose outside of § 1681b, it simply does not constitute a consumer report" which would "open the floodgates for CRA's [sic] to report consumers to law enforcement any time they want" (Dkt. #187 at pp. 19–21). Defendants urge that Plaintiff's interpretation, not the Magistrate Judge's, is absurd, and that "any rule that requires informing criminal suspects *before* they are reported to the police is nonsensical and has no basis in the FCRA's text," particularly where, as here, there is no bad faith on Defendants' part and Plaintiff pleaded guilty to the crime for which he was reported (Dkt. #190 at p. 9).  Upon review, the Court concurs that the Magistrate Judge correctly distinguished "between consumer purposes and law-enforcement purposes," and that, as Defendants' advance, Plaintiff's contrary view would create the "absurd result" of "prevent[ing] a consumer reporting agency from voluntarily reporting

5

unlawful activity to the police." Defendants' disclosure of information to law enforcement cannot be found to constitute a "consumer report." Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #187), Defendants' Response (Dkt. #190), Plaintiff's Consolidated Motion in Limine (Dkt. #130), and having conducted a de novo review, the Court adopts the findings of the Magistrate Judge's report (Dkt. #184). Accordingly,

It is therefore **ORDERED** that Plaintiff's Consolidated Motion in Limine (Dkt. #130) and Motion for Summary Judgment (Dkt. #145) are each **DENIED**.

It is further **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #150) and Motion to Strike (Dkt. #159) are **GRANTED**, and Plaintiff's claim(s) against Defendants Experian and Puckett under the FCRA are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

 **SIGNED this 21st day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE